IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROLINE FAIRALL,

        Plaintiff,

v.                                                                                 Civil Action No.: 1:15–CV–234
                                                                                          (JUDGE KEELEY)

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

## **REPORT AND RECOMMENDATION**

### **I. INTRODUCTION**

On December 18, 2015, the Plaintiff, Caroline Fairall ("Ms. Fairall" or "Plaintiff"), by counsel, Scott B. Elkind, Esq., filed a complaint in this court to obtain judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. ECF No. 1.

The Plaintiff also filed a motion to proceed *in forma pauperis* that this court granted on January 6, 2016. ECF Nos. 2 & 5. The Commissioner filed her answer on March 8, 2016. ECF No. 8. Plaintiff filed a Motion for Summary Judgment on April 7, 2016. ECF No. 11. The Commissioner filed her Motion for Summary Judgment on April 25, 2016. ECF No. 17.

The court recommends that the Plaintiff's Motion for Summary Judgement be **DENIED** and the Commissioner's Motion for Summary Judgement be **GRANTED** because first, the ALJ did not erroneously rely on testimony from the vocational expert and

1

second, the ALJ did not erroneously determine the Plaintiff's residual functional capacity.

## II. FACTS

The Plaintiff applied for DIB and SSI benefits alleging a disability which began on April 1, 2010. R. 11. The Plaintiff's claims were denied initially on July 24, 2012 and upon reconsideration on October 9, 2012. R. 11. On October 30, 2012, the Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. 11. An ALJ hearing was held on March 7, 2014, by video, before ALJ Benjamin R. McMillion. R. 11, 23. The Plaintiff, represented by Jennifer Hinchee, Esq., testified at the hearing, as did a Vocational Expert ("VE"). R. 33-54. On August 11, 2014, the ALJ issued an unfavorable decision to the Plaintiff. R. 8–23. The Plaintiff appealed this decision to the Appeals Council, which denied her request for review on January 17, 2016. R. 1. The Plaintiff then timely brought her claim before this court.

## III. ALJ's FINDINGS

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. §§ 404.1520©; 416.920©. If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix

2

1 (the "Listings"). §§ 404.1520(d); 416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.* However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of her impairments. §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of her past relevant work. §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do her past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. §§ 404.1520(g); 416.920(g); *see also McLain v. Schweiker*, 715 F.2d 866, 868–69 (4th Cir. 1983).

Here, as a preliminary matter, the ALJ determined that Ms. Fairall met the insured status requirements set forth in the Social Security Act through December 31, 2014. R. 13. At step one of the sequential process, the ALJ found that Ms. Fairall had not engaged in substantial gainful activity since April 1, 2010, the alleged onset date of her disability. R. 13. At step two, the ALJ found that Ms. Fairall had the following severe impairments: fibromyalgia, degenerative disc disease, osteoarthritis, emphysema, hepatitis C, and bipolar disorder. R. 13. At the third step, the ALJ found that none of Ms. Fairall's impairments met or medically equaled the severity of any of the impairments contained in the Listings. R. 13. The ALJ then determined that Ms. Fairall had the following RFC:

> [T]o perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)

> except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk for five hours and sit for six hours in an eight-hour workday. She can occasionally balance, stoop, kneel, and crouch, but never crawl. She should avoid concentrated exposure to fumes, odors, dust, gases, and poor ventilation. She is limit to 1-2 step job instructions.

R. 16. At step four, the ALJ found that Ms. Fairall was unable to perform any past relevant work. R. 21. Furthermore, the ALJ found that Ms. Fairall was a "younger individual" on the alleged disability onset date. R. 21; *see* 20 C.F.R. § 404.1563.

At step five, the ALJ concluded that, "[c]onsidering [Ms. Fairall's] age education, work experience, and [RFC], [Ms. Fairall] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of 'not disabled' is therefore appropriate under the framework of the above cited rules." *Id.* at 22; *see also* 20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a).

## IV. MOTIONS FOR SUMMARY JUDGMENT

### A. Contentions of the Parties

In Ms. Fairall's Motion for Summary Judgment, she makes two arguments. First, the ALJ erroneously relied upon the testimony of the VE because the VE's testimony conflicts with the Dictionary of Occupational Titles ("DOT"). ECF No. 14 at 3. Second, the ALJ erroneously assessed Ms. Fairall's RFC. *Id.* at 9.

In her motion for summary judgment, the Commissioner agues first, that the VE's testimony does not conflict with the DOT and second, that the ALJ's RFC finding was based upon the record as a whole in accordance with the regulations. ECF No. 18. at 2.

### B. The Standards

#### 1. Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

    2.    Judicial Review

This court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664–65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)). The ALJ's decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. §§

5

405(g), 1383(c)(3).

The Fourth Circuit has been clear that an ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id.* (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

**C.     Discussion**

1.      <u>The ALJ did not Erroneously Rely on Testimony from the VE</u>

The Plaintiff argues that the ALJ improperly relied on testimony from the VE in determining whether there were jobs in the national economy. ECF No. 14 at 3. Specifically, the Plaintiff argues, the jobs identified by the VE are outside of the range of work that the Plaintiff is capable of performing. *Id.*

The ALJ found that the Plaintiff was limited to jobs that required, *inter alia*, a maximum of one or two-step instructions. R. 16. Accordingly, the ALJ identified these limitations before questioning the VE regarding whether there were jobs available to the Plaintiff. R. 51. Based on these limitations, the VE identified three positions available to the Plaintiff: Cashier (DOT 211.462-101), mail sorter (DOT 222.687-002), and assembler (DOT 706.684-030). R. 51.

The Plaintiff correctly identifies that each of the three positions identified by the VE requires a "General Educational Development" ("GED") Reasoning Level of two ("R2"). ECF No. 14 at 6. Plaintiff argues that the *Dictionary of Occupational Titles*, 1991 WL 688702 (2008), defines GED R2 as the ability to:

> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

Whereas, a GED R1 requires that the individual:

> Apply commonsense understanding to carry out simple one or two-step instructions. Deal with standardized situations with occasional or no variables in or from standardized situations.

ECF No. 14 at 6.

Plaintiff argues that the ALJ determined that she was limited to one or two-step instructions, therefore, she was limited to GED R1 jobs. Thus, the GED R2 jobs identified by the VE were beyond the range of work she is capable of performing. ECF No. 14 at 6. Therefore, the Plaintiff argues, "[a]n ALJ has not fully developed the record if it contains an unresolved conflict between the expert's testimony and the [DOT]." *Pearson v. Colvin*, 810 F.3d 204, 210 (4th Cir. 2015).

The Plaintiff relies on *Henderson v. Colvin*, which stated that "there is an apparent conflict between an RFC that limits [the plaintiff] to one-to-two step instructions and GED Reasoning [Level] 2, which requires the ability to understand detailed instructions." No. 15 1437, 2016 WL 1320779, at *4 (4th Cir. Apr. 5, 2016). The *Henderson* court found that there was not substantial evidence to support the ALJ's findings because "[t]he VE did not explain the apparent conflict, the VE's conclusory statement that a conflict did not exist was

7

insufficient, and the ALJ did not inquire further." *Id.*

However, *Henderson* is distinguishable from the facts here. "The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE . . . may be able to provide more specific information about jobs or occupations than the DOT." SSR 00–4p, 2000 WL 1898704, at *4 (Dec. 4, 2000). Indeed, that is what happened here. The ALJ questioned the VE whether positions were available to a hypothetical individual with certain limitations. R. 51. Among the limitations was that the job would only require one or two-step instructions. R. 51. In fact, Plaintiff's attorney acknowledged that the ALJ limited the question to "simple, routine tasks." R. 52. Therefore, unlike *Henderson* the ALJ here expressly accounted for the Plaintiff's limitation to one to two-step job instructions.

2. <u>The ALJ did not Erroneously Determine the Plaintiff's RFC</u>

Plaintiff argues that the ALJ erroneously determined the Plaintiff's RFC for two reasons. First, the Plaintiff argues, the ALJ failed to include a limitation in the Plaintiff's RFC for her moderate limitations in concentration, persistence, or pace. Second, the Plaintiff argues that the ALJ failed to evaluate relevant evidence.

> a. *The ALJ did not Error by Failing to Include a Limitation for Concentration, Persistence, or Pace*

The ALJ found that the Plaintiff had moderate difficulties with regard to concentration, persistence, or pace. R. 15. However, the ALJ did not include these limitations in the Plaintiff's RFC. Therefore, Plaintiff argues that the ALJ improperly determined her RFC.

At step three of the ALJ's analysis the ALJ stated that, "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." R. 15-16. Despite these limitations discussed at step three, the ALJ did not include the limitations in the Plaintiff's RFC. Specifically, the ALJ determined Plaintiff's RFC as the ability to perform:

> [L]ight work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, and crouch, but never crawl. She should avoid concentrated exposure to fumes, odors, dust, gases, and poor ventilation. She is limited to 1-2 step job instructions.

R. 16.

To support her argument, Plaintiff relies on *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In *Mascio*, the ALJ determined at step three that the claimant had moderate difficulties in maintaining her concentration, persistence, or pace. *Id.* at 638. However, the ALJ did not include this limitation in the hypothetical posed to the VE. *Id.* The court held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* (citations omitted).

The *Mascio* court explained that, "[p]erhaps the ALJ can explain why [plaintiff's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [plaintiff's RFC]." *Id.* The court further explained that, "the ALJ may find that the concentration, persistence, or pace limitation does not affect [plaintiff's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert." *Id.*

9

Unlike the ALJ in *Mascio*, here the ALJ explained his reasoning for not imposing a limitation for concentration, persistence, or pace in the RFC. The ALJ stated that:

> Although limited to a degree in her daily living activities as a result of her impairments, the daily activities that the claimant does perform are inconsistent with her complaints of prolonged and consistent disabling limitations. In fact, the record and objective medical evidence reflects the claimant's limitations mildly restrict her daily activities. As aforementioned, on November 18, 2010, Dr. Tuwiner noted the claimant's reports of being able to do all activities of daily living, walking 15 minutes at a time, driving short distances, and driving to the appointment today. On November 23, 2010, and November 12, 2011 Mr. Hood noted the claimant's reports of daily activities of getting up at 8:00 a.m., completing personal care, checking and visiting with her mother, taking the dogs out, watching television, reading the Bible, walking for 20 minutes a few times a week, keeping her room clean, and occasionally grocery shopping. On January 18, 2011, Dr. Noori noted the claimant's reports of being able to walk a half a mile without getting short of breath. **Such activities are inconsistent with disability.**

R. 20 (emphasis added). Furthermore, the ALJ discussed that:

> The claimant's allegations are not entirely credible. . . . The claimant testified bipolar makes her mind wonder with difficulty concentrating. She testified she lives in her mother's basement and mostly watches television during the day. She goes to Church once a week, tries to help out with meals and other activities, but testified she cannot do much. Considering Dr. Tuwiner's opinion of which is afforded great weight and the claimant's activities of daily living, **she retains the ability to perform simple work.**

R. 21 (emphasis added).

Therefore, because the ALJ found that Plaintiff's limitations in concentration, persistence, or pace do not affect Plaintiff's ability to work, the ALJ's decision to exclude the limitation for the Plaintiff's RFC is supported by substantial evidence.

### b. The ALJ did not Erroneously Fail to Consider Relevant Evidence

The Plaintiff further argues that the ALJ failed to properly consider relevant evidence. ECF No. 14 at 11. Specifically, the Plaintiff argues that the ALJ failed to evaluate

10

three pieces of evidence. *Id.* First, the Plaintiff argues that the ALJ failed to consider that the Plaintiff underwent a Sensory Conduction Study which revealed bilateral cervical neuropathy. *Id.* Second, the Plaintiff's physician noted that the Plaintiff's hands were very weak and that she had numbness and tingling. *Id.* Third, the Plaintiff underwent an EMG which revealed bilateral ulnar neuropathy and bilateral median neuropathy at the wrists, consistent with bilateral carpal tunnel syndrome, and chronic bilateral cervical radiculopathies. *Id.* Thus, Plaintiff argues, the ALJ erroneously failed to include a limitation in the Plaintiff's RFC regarding Plaintiff's abilities to handle, finger, or feel. *Id.*

The court is unpersuaded by this argument. "[T]he ALJ is not required to comment in the decision on every piece of evidence in the record, and the ALJ's failure to discuss a specific piece of evidence is not an indication that the evidence was not considered." *Smith v. Colvin*, No. 12-1247, 2015 WL 3505201, at *7 (M.D.N.C. June 3, 2015) (citations omitted). The *Smith* court further stated, "this court finds that the lack of any mention of Plaintiff's proffered explanation in the ALJ's decision does not prove that the ALJ did not consider these explanations." *Id.*

Similarly, the court cannot agree with the Plaintiff that the ALJ failed to consider relevant medical evidence. Indeed, the ALJ's decision extensively cites the medical evidence of record. Thus, the court finds that the ALJ's decision is supported by substantial evidence and any alleged failure to explicitly comment on the all medical evidence is inconsequential.

## V. RECOMMENDATION

Based on the foregoing, the court concludes that the ALJ's decision complied with the applicable law and regulations, and it was based on substantial evidence.

Accordingly, the court **RECOMMENDS THAT**:

1.  Plaintiff's [ECF No. 11] Motion for Summary Judgment be **DENIED**; and

2.  Commissioner's [ECF No. 17] Motion for Summary Judgment be **GRANTED**.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia

DATED: August 18, 2016          /s/ *James E. Seibert*
                                **JAMES E. SEIBERT**
                                **U.S. MAGISTRATE JUDGE**